IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY WILLOCKS HODGSON, Reg. No. 19198-510. | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Civil Action No. 2:24-00678-KKD-SMD |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

# ORDER

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the recommendation to which objection (docs. 13, 13-1) is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated January 23, 2025, (doc. 12) is adopted as the opinion of this Court, with modification, as follows:

1. Hodgson's claim for ineffective assistance of counsel for failing to file an appeal as requested is GRANTED.

2. The judgment entered against Hodgson in Criminal Action No. 22-cr-00234-KKD-SMD shall be VACATED.

3. The same sentence shall be re-imposed, and an identical judgment shall be re-entered against Hodgson in Criminal Action No. 22-cr-00234-KKD-SMD.[1]

4. Hodgson shall be advised that he has the right to appeal from the re-entered judgment.

5. Hodgson shall be advised that he must file any notice of appeal from the re-entered judgment within the 14-day period provided under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure.

---

[1] A re-sentencing hearing is not required. United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005).

6. By separate Order, counsel shall be appointed in Criminal Action 2:22-00234-KKD-SMD to represent Hodgson on appeal.

7. The remaining claims in Hodgson's § 2255 motion are DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a § 2255 or habeas proceeding unless the Court issues a certificate of appealability. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Here, the Court dismissed without prejudice all of Hodgson's claims but for ineffective assistance of counsel for failing to file a notice of appeal. The Court cited McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002), wherein the Eleventh Circuit noted that

> Although we reject the Government's contention that prisoners must file any collateral challenges in their § 2255 motion seeking an out-of-time appeal, we recognize that prisoners may proceed in this manner should they so choose. We have not previously considered the procedure to be followed in such a case. The Fifth Circuit has suggested that the district court could grant the petitioner a new trial if it found merit in any of the petitioner's other collateral claims, thereby pretermitting the claim based on counsel's failure to file a notice of appeal, or it could hold the remaining claims in abeyance or dismiss them without prejudice pending the outcome of the reinstated direct appeal. … We think the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal. There are significant inefficiencies to any other approach. If the district court were to deny a collateral claim under a different standard of review than applies on direct appeal, then the defendant might be entitled to relitigate the same claim in his reinstated direct appeal. Moreover, both the government and the petitioner could pursue collateral appellate proceedings on other claims that the outcome of the direct appeal might render unnecessary. Although in Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), we instructed district courts to resolve all claims in petitions brought pursuant to 28 U.S.C. § 2254, equally clear precedent of this Court directs that collateral claims should not be entertained while a direct appeal is pending. See Welsh v. United States, 404 F.2d 333 (5th Cir.1968) (binding authority in the Eleventh Circuit under Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc)); see also Rules Governing 2255 Proceedings, Rule 5, advisory

committee note; … Once the court has determined that the petitioner is entitled to a direct appeal, such an appeal is "pending" for all relevant policy purposes.

McIver, 307 F.3d at 1332, n.2 (internal citations omitted).

In this posture, Hodgson would have to show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Since Hodgson's remaining claims have been dismissed without prejudice on procedural grounds, based upon the above-cited Eleventh Circuit opinion, reasonable jurists could not debate whether the Court's procedural ruling was correct. Consequently, a certificate of appealability should not issue.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Generally, the movant "demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." Ghee v. Retailers Nat. Bank, 271 Fed. Appx. 858, 859–60 (11th Cir. 2008) (per curiam) (citation omitted). However, in this procedural posture, an appeal in this action is not taken in good faith because "clear precedent of this Court directs that collateral claims should not be entertained while a direct appeal is pending." McIver, 307 F.3d at 1332, n.2. Consequently, Hodgson is not entitled to appeal in forma pauperis in this action.

Final judgment shall be entered separately. Fed. R. Civ. P. 58(a).

The Clerk is directed to mail a copy of this Order to Hodgson, Register Number 19198-510, at FCI Oakdale II, P.O. Box 5010, Oakdale, La. 71463.

DONE and ORDERED this 24th day of March 2025.

> s/ Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE